ANNA DURR, PLAINTIFF, v. FREEHOLD CONSTRUCTION COMPANY, DEFENDANT.

Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *James Mercer Davis.*

*Contra, S. Rusling Leap.*

PER CURIAM.

The plaintiff brought suit to recover from the defendant compensation for the loss sustained by her through the burn-

ing of her house and furniture, her claim being that the
fire was caused by sparks emitted by a road-roller of the
defendant company, which was being operated by its serv-
ants in the construction of a road adjoining the plaintiff's
dwelling. The jury found a verdict in her favor.

Counsel for the defendant urges as a ground for making
the present rule absolute that the plaintiff failed to sustain
the burden of proof on the question of the defendant com-
pany's liability. The argument in support of this contention
is that the fire might have started in the attic of the house,
for which, of course, the defendant would not have been re-
sponsible, or it might have started from sparks escaping
from an engine owned and operated by the Pennsylvania
Railroad Company, whose tracks through Woodstown, in
Salem county, where the plaintiff's property was located, were
adjacent to that property, and that there was no prepon-
derance of the evidence against either one of these theories.
Our examination of the proofs sent up with the state of the
case satisfies us that the jury was justified in finding that
the fire started on the shingle roof of the plaintiff's house
and on the side next to the road which was being constructed
by the defendant company and opposite to the side where the
railroad company's right of way was located. The fact that
the fire started on the roof eliminates the theory that it
might have begun in the attic. As to the suggestion that it
might have been caused by sparks from an engine of the
railroad company, the proofs show that only two locomotives
passed the plaintiff's property between one and five o'clock,
P. M.; that the screens on them had been frequently in-
spected, and that inspections were made almost immediately
after the fire, which showed that the screens were then in
good order. The competency of this testimony was not chal-
lenged. The fire occurred between four and five o'clock in
the afternoon, and the jury was justified in finding from
the evidence referred to that the fire was not caused by
sparks escaping from a locomotive of the railroad company.
In addition, the proofs showed that the screen over the de-

fendant's road-roller, which was operated by steam, was in a dilapidated condition, there being, among other things, a hole in it as large as a man's fist, and that live sparks escaped through this hole and through other defective parts of the screen. The proofs further showed that the wind at the time of the fire was blowing from the direction where this road-roller was operating and toward the house of the plaintiff. In our opinion, the facts recited justify the jury's verdict that the defendant company was responsible for the occurrence of the fire.

The only other ground upon which we are asked to make the rule absolute is that the verdict was excessive. The allowance was for $2,800. We consider that the proofs fully supported the conclusion that the damage to the house and the furniture therein was at least equal to that amount. It is argued before us that, in determining the amount which the plaintiff was entitled to recover, the jury should have taken into consideration that the property was insured, and that the insurance company and the plaintiff had settled her claim under the policy for the sum of $1,932. This, however, we consider to be entirely immaterial and not a matter for the consideration of the jury. The plaintiff was entitled to recover from the defendant company the full amount of the loss caused by its wrongful act. She is only entitled, however, to retain so much of the amount recovered as will, in addition to the moneys received from the insurance company, total that sum. The balance she will hold in trust for the insurance company.

We conclude that, for the reasons stated, the rule to show cause should be discharged.